KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Dee Crook, | No. CIV 06-587-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Board of Supervisors, et al., | |
| Defendants. | |

On February 27, 2006, Plaintiff Kevin Dee Crook, presently confined in the Central New Mexico Correctional Facility in Los Lunas, New Mexico, filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application to Proceed"). This is one of more than one thousand (1,000) civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]

**Application to Proceed In Forma Pauperis**

Plaintiff's Application to Proceed and account statement make the showing required by 28 U.S.C. § 1915(a). Accordingly, Plaintiff's Application to Proceed will be granted.

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

JDDL-k

1    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the two hundred fifty
2    dollar ($250.00) statutory filing fee for this action.  Plaintiff will be assessed an initial partial
3    filing fee of eighteen dollars and eighty-nine cents ($18.89).  28 U.S.C. § 1915(b)(1).

4    By separate order, the Court will direct the appropriate agency to collect the initial
5    partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.
6    Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the
7    preceding month's income credited to Plaintiff's trust account.  These payments will be
8    forwarded by the appropriate agency to the Clerk of the Court each time the amount in
9    Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.
10   § 1915(b)(2).

11   Plaintiff should note that if he is released before the filing fee is paid in full, he must
12   pay the remaining unpaid amount of the filing fee within one hundred twenty (120) days of
13   the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within one
14   hundred twenty (120) days of the date of his release, the action will be dismissed, unless
15   Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing
16   fee.

17   Plaintiff should further note that a prisoner may not bring a civil action without
18   complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3) or
19   more occasions, an action or appeal in a federal court that was dismissed as frivolous, as
20   malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner
21   is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

22   **Statutory Screening of Prisoner Complaints**

23   The Court is required to screen complaints brought by prisoners seeking relief against
24   a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §
25   1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
26   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
27   be granted, or that seek monetary relief from a defendant who is immune from such relief.
28   28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion thereof if

**JDDL-k**                                    - 2 -

1  Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

2  If the Court determines that a pleading could be cured by the allegation of other facts,
3  a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the
4  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court
5  is required to grant leave to amend "if a complaint can possibly be saved," but not if the
6  Complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend
7  if the pleading could be cured by the allegation of other facts, or if it appears at all possible
8  that the defect can be corrected.  Id. at 1130.

9  The Court should not, however, advise the litigant how to cure the defects.  This type
10 of advice "would undermine the district judges' role as impartial decisionmakers." Piler v.
11 Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n. 13 (declining to
12 decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint
13 will be dismissed for failure to state a claim, with leave to amend, because the Complaint
14 may possibly be saved by amendment.

15 **Complaint**

16 The following are named as Defendants in the Complaint: 1) Maricopa County Board
17 of Supervisors; 2) Maricopa County Sheriff's Office; and 3) Maricopa County Sheriff Joseph
18 M. Arpaio.

19 Plaintiff alleges eight grounds for relief, which relate to his confinement in the
20 Maricopa County Jails: 1) Plaintiff was denied adequate law library access in violation of the
21 Fifth Amendment; 2) Plaintiff's safety was threatened by overcrowding, in violation of the
22 Eighth Amendment; 3) Plaintiff's safety was threatened by unsanitary and unhealthy
23 conditions; 4) Plaintiff's right to be free from negligence, as guaranteed by Arizona Statutes,
24 was violated by the facts in Count I; 5) Plaintiff's right to be free from negligence, as
25 guaranteed by Arizona Statutes, was violated by the facts alleged in Count II; 6) Plaintiff's
26 right to be free from negligence, as guaranteed by Arizona Statutes, was violated by the facts
27 alleged in the Count III; 7) Plaintiff's Fourteenth Amendment due process rights were
28 violated by the facts alleged in Count I; and 8) Plaintiff's Fourteenth Amendment due

1    process rights were violated by the facts alleged in Count III.

2         Plaintiff seeks money damages.

3    **Dismissal of Defendants**

4         **Maricopa County Board of Supervisors**

5         A suit against the Maricopa County Board of Supervisors is a suit against Maricopa

6    County. A § 1983 claim against a municipal defendant "cannot succeed as a matter of law"

7    unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom

8    pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused

9    the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006). Petitioner

10   has not alleged that his injuries occurred as a result of policies or customs maintained by

11   Maricopa County. Accordingly, Defendant Maricopa County Board of Supervisors will be

12   dismissed.

13        **Maricopa County Sheriff's Office**

14        The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the

15   responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See

16   A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative

17   creation of the county sheriff to allow him to carry out his statutory duties, and not a

18   "person" amenable to suit pursuant to § 1983. Therefore, the Maricopa County Sheriff's

19   Office will be dismissed.

20        **Joseph M. Arpaio**

21        To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

22   injury as a result of specific conduct of a defendant, and show an affirmative link between

23   the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377

24   (1976). To state a claim against a supervisory official, the civil rights complainant must

25   allege that the official personally participated in the constitutional deprivation or that a

26   supervisory official was aware of widespread abuses and with deliberate indifference to the

27   inmate's constitutional rights, failed to take action to prevent further misconduct. King v.

28   Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See  Monell v. New York City Department of

1   Social Services, 436 U.S. 658, 691 (1978).  There is no *respondeat superior* liability under
2   § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly
3   violated Plaintiff's constitutional rights does not impose liability.  Monell, 436 U.S. 658;
4   Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992);  Taylor v. List, 880 F.2d 1040,
5   1045 (9th Cir. 1989).

6        In this case, Plaintiff does not allege that Defendant Arpaio personally participated
7   in the deprivation of Plaintiff's constitutional rights, was aware of such deprivation and failed
8   to act, or that Defendant Arpaio formed policies which violated Plaintiff's constitutional
9   rights.

10  **Dismissal with Leave to Amend**

11       Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519
12  (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board
13  of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson,
14  612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil rights complaint
15  may not supply essential elements of the claim that were not initially pled.  Ivey, 673 F.2d
16  at 268.

17       Because no Defendants now remain, the Complaint will be dismissed for failure to
18  state a claim.  However, in keeping with "the rule favoring liberality in amendments to
19  pleadings," the Court will exercise its discretion and allow Plaintiff to file an amended
20  complaint, if he so desires, to show what constitutional rights he has been deprived of, and
21  how the conduct of proper defendants deprived him of said rights.  Noll v. Carlson, 809 F.2d
22  1446, 1448 (9th Cir. 1987).

23       If Plaintiff chooses to file an amended complaint, he should note that all causes of
24  action alleged in an original Complaint which are not alleged in an amended complaint are
25  waived.  See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir.
26  1990) ("an amended pleading supersedes the original").

27       Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety
28  on the current, Court-approved form included with this Order and may not incorporate any

JDDL-k                                        - 5 -

1   part of the original Complaint by reference.  <u>See</u> Local Rule of Civil Procedure ("LRCiv")

2   15.1(a)(2).  If Plaintiff cannot fit all of his supporting facts in favor of a particular count on

3   the Court-approved form, then he may continue on an attachment, but each matter on any

4   attachment must be clearly referenced to a particular count on the Court-approved form, and

5   be numbered appropriately.

6   **<u>Rule 41(b) Warning</u>**

7   　　　If Plaintiff fails to timely comply with every provision of this Order, this action will

8   be dismissed without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th

9   Cir.) (district court may dismiss action for failure to comply with any order of the court), <u>cert.</u>

10  <u>denied</u>, 506 U.S. 915 (1992).  Moreover, because the Complaint has been dismissed for

11  failure to state a claim, if Plaintiff fails to file an amended complaint correcting the

12  deficiencies identified in this Order, the dismissal of this action will count as a "strike" under

13  the "three strikes" provision of the Prison Litigation Reform Act.  <u>See</u> 28 U.S.C. § 1915(g).

14  　　　**IT IS THEREFORE ORDERED** as follows:

15  　　　(1)  Plaintiff's Application to Proceed In Forma Pauperis is GRANTED;

16  　　　(2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars

17  ($250.00) for this action.  Plaintiff is assessed an initial partial filing fee of eighteen dollars

18  and eighty-nine cents ($18.89).  All fees shall be collected and paid in accordance with this

19  Court's Order to the appropriate government agency filed concurrently herewith;

20  　　　(3)  Plaintiff's "Civil Rights Complaint By A Prisoner" (Document #1) ("Complaint")

21  pursuant to 42 U.S.C. § 1983 is DISMISSED for failure to state a claim.  Plaintiff SHALL

22  HAVE thirty (30) days from the filing date of this Order to file an amended complaint in

23  order to state specific allegations of deprivation of constitutional rights against proper

24  defendant(s), to name as defendant(s) the individual(s) who participated in the activities

25  alleged in his amended complaint, to state what injury he has suffered as a result of the

26  activities of the defendant(s), and to show how, prior to filing this action, he exhausted his

27  administrative remedies as to each of his claims for relief.  The amended complaint must be

28  retyped or rewritten in its entirety on the current, Court-approved form included with this

Order, may not incorporate any part of the original Complaint by reference, and must contain Plaintiff's original signature. If Plaintiff fails to file the amended complaint on a current, Court-approved form, the amended complaint will be stricken, and the action dismissed without further notice to Plaintiff. Any amended complaint submitted by Plaintiff should be clearly designated as an amended complaint on the face of the document;

(4) The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed. Upon entry of judgment, the Clerk shall make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

(5) A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff;**

(6) At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and

(7) The Clerk of the Court is DIRECTED to provide Plaintiff with a current, Court-approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

**JDDL-k**

1    DATED this 19th day of June, 2006.

David G. Campbell
United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A**
**PRISONER FILING CIVIL RIGHTS COMPLAINT**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

## I.  <u>General Information About the Civil Rights Complaint Form:</u>

A.  <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                 Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of____(month)____, (year) , to:
Name:  _____
Address:_____
    Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  Counts.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  Supporting Facts.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  Injury.  State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

## Part D.  REQUEST FOR RELIEF:

Print the relief you are seeking in the space provided.

## SIGNATURE:

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)   Plaintiff,   )<br>)<br>vs.   )<br>)<br>_____, )<br>)<br>_____, )<br>)<br>_____, )<br>)<br>_____, )<br>(Full Name of Each Defendant)  Defendant(s).  )<br>)<br>_____) | **CASE NO.** _____<br>(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
     b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.
    Present mailing address: _____.
         **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

# 550/555

3.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                      <span>(Institution)</span>

    The first Defendant is sued in his/her: ☐ individual capacity  ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                      <span>(Institution)</span>

    The second Defendant is sued in his/her: ☐ individual capacity  ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                      <span>(Institution)</span>

    The third Defendant is sued in his/her: ☐ individual capacity  ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                      <span>(Institution)</span>

    The fourth Defendant is sued in his/her: ☐ individual capacity  ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____

        _____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____

        _____

        _____

    e.   Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) \_\_\_\_

        _____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:

    a.   Parties to previous lawsuit:

        Plaintiff: _____.

        Defendants: _____

        _____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____

        _____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____

        _____

        _____.

    e.   Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) \_\_\_\_

        _____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:

    a.   Parties to previous lawsuit:

        Plaintiff: _____.

        Defendants: _____

        _____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____

        _____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____

        _____

        _____.

    e.   Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) \_\_\_\_

        _____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____

_____

_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)            ☐ Mail            ☐ Access to the court        ☐ Medical care
                                       ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
                                       ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
     Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
     authority or arguments).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                        ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count I?            ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

4

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.


2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)       ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings      ☐ Property        ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety      ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                          ☐ Yes      ☐ No
      b.    Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?    ☐ Yes      ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____
      _____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)          ☐ Mail              ☐ Access to the court         ☐ Medical care
                                     ☐ Disciplinary proceedings   ☐ Property     ☐ Exercise of religion       ☐ Retaliation
                                     ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
           your institution?                                                               ☐ Yes     ☐ No
     b.    Did you submit a request for administrative relief on Count III?                 ☐ Yes     ☐ No
     c.    Did you appeal your request for relief on Count III to the highest level?        ☐ Yes     ☐ No
     d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
           why you did not.  _____
           _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                 DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.